Henry Greenfield, appellant Christina Greenfield appearing pro se, Jonathan Howland appearing for Appalachia, Eric and Rosalind Wormlinger. Okay Ms. Greenfield you have both your audio and your video muted. Could you turn on your camera and your microphone please? Okay we can see you now. We can't hear you I'm on my phone can you hear me? Oh yes okay good all right so would you like to save part of your 15 minutes to speak after Mr. Howland does? I would about four minutes. Four minutes okay go ahead please. So thank you for allowing me to speak in front of all three of you today I really appreciate that fact. The defendants would love to have you throughout this case by stating that I have no standing and I obviously disagree to that even if there's an a dollar left as a surplus of my account that still gives me standing and according to my figures there's a substantial amount that's left owing and there'd be more owing surplus if the Wormlinger claim had been properly adjudicated by the trustee and I just I have disagreed and objected to the Wormlinger claim since January of 2020 and it's been a hard road. The trustee has not followed any of my attempts to try to get this claim adjudicated correctly and the proper amount. The Wormlingers were under Idaho law in order to submit their claim properly under sorry IRCP 10-1110 and IRCP 10-1111 and they missed their deadline and according to Idaho law that means no longer. Which deadline did they miss? You need almost need a flowchart to but I thought everyone agreed that they timely renewed the first original judgment and got an order then there's a lag between the entry of that renewed judge the order renewing judgment and the recording of that so when you say that they failed what exactly are you saying that they failed to do? In November 2017 the Wormlinger submitted a renewal to the court for a hundred and three thousand. That was their last and only renewal that they asked for from the court. They have never asked for a renewal of two hundred and sixty one plus thousand dollars. Are they have to do that now isn't there a 10-year deadline now? No they're under the five-year deadline. Even for the second amended judgment? Yes for any amended judgments they fell under the five-year deadline. Why is that? Because it didn't the rules didn't change until after the effect. That second amended judgment wasn't wasn't entered until after the rule did change so if you're saying each judgment is is its own standalone the last two judgments were entered after the July 2015 change. From what I understood and I've met with counsel on this before I did have counsel prior to me being in pro se litigant and it was understood that they had to follow the rule the five-year rule that they had to follow the judgments which would have meant they would have had to do a renewal by March 26 of 2018 in order to renew the entire judgment. Do you understand that we don't you haven't shown your work essentially going back to elementary school by meeting with counsel and getting that we that doesn't tell us much because it sounds like you are saying that all the judgments need to be renewed but the last two weren't even entered until after the change and then you know the Wormlingers did renew the earliest one so between those two situations I mean they're owed something right? No there's there's one judgment they renewed for a hundred and three thousand they've never renewed or attempted to renew any other amounts. There's only one renewed for 103,000 that the judge approved back in 2017. They had ample opportunity I didn't file for bankruptcy until 2019 they had ample opportunity to follow through and if they were going to submit any other renewals to do that and they never did so they missed their that they only have a certain time to do that or they lose that judgment and then the other effect too is they have to record those judgments timely on my property for it to be getting that ma'am what where where is it in the statute that they have to record record something after renewal it has to be recorded it's this was from my attorney that they had to record it because the you don't you don't have to to record initially so why why would you have to record I mean you're renewing the judgment not necessarily the lien so why I mean what what what does it matter if they record or when they record because they did eventually record you have it past the statute they only have they renewed the judgment though that's the problem here I mean they renew even under years they renewed the hundred and three so that judgment remained and it's just like a judgment you get from the lawsuit you may win and get your judgment and if you don't record the judgment doesn't go away you can record it whenever well it's my understanding the judgments fall off that most states have a five-year limit the judgments fall off Idaho happens to be one where you can renew your judgment back in the day every five years and then they so those judgments don't stay on forever there's proper procedures that litigants and judgment holders have to follow and whirling errs did not follow that they did not properly renew the full amount and then they turn in a claim for a hundred and three thousand to the bankruptcy court that they later changed to two hundred and sixty one plus thousand and then their attorney states that only a hundred and seventy is secured a hundred and seventy thousand and in the end after they sold my house I found out through word-of-mouth that they got the full amount for 261 which has still yet to be I haven't seen a final report from the trustee that shows me who was paid and what was paid and so it is final report was filed no there's no final report that's been filed okay yeah no final report and there's two creditors outstanding Sheely and Greenfield that haven't received a dime and they were huge had huge amounts owed to them they wouldn't receive a dime ma'am and ma'am they wouldn't receive a dime until the final distribution which comes after the final report so they wouldn't only insecure creditors and I understand that's the point you're trying to make here is that the whirling is weren't but I mean that's why I you know obviously the other Greenfields are the lion's share of the unsecured but they're not going to get paid until the end of the case yeah and my argument was that the Wormlingers had unsecured claims that should have been in the same category as the other two creditors which obviously one is my ex-husband and one is my daughter who had a substantial amount of money into my property that they should have been awarded and for the Wormlingers to receive a full amount that they pulled out of the air without substantiating any of their claim which is I repeatedly asked the trustee please look into this and see if it's valid claim check it out see if it's valid where are they getting their numbers and it's hard to be ignored to the bankruptcy and told I have no rights I have no standing you know sit in the corner mind my own business while my million dollars in assets is distributed to a claim that really is undeserving of two hundred and sixty one thousand and there would have been plenty of money to pay my to you know the Sheely and Greenfield and then there were there was only approximately five claims I believe one was a hospital for around six thousand one was a Verizon bill for like ninety dollars and then the three main creditors that came with the big big ones were Greenfield Sheely and Wormlinger and I it's just been exhausting trying to get the trustee to listen to me which is his fiduciary responsibility to hear what I have to say and at least validate the claims and he's it's just been a nightmare to try to get that done and I should also point out opposing counsel the trustee didn't even respond with a brief and opposing counsel has refused to even address these facts and basically his one and a half page brief just discusses the fact that I have no standing and I think that's up for for question because the Wormlinger claim if it's proven that that doesn't have the standing that they say they do for two hundred sixty one thousand there's a lot of money left over well this goes to my problem at the beginning with the flowchart is that it you're agreeing that there's a hundred three thousand dollar claim right that has to be you know you don't believe it's two hundred and sixty one secured but even you seem to concede that there's a hundred and three thousand unsecured claim in there is that correct I would I I would I would say that the hundred and three thousand would be an unsecured claim and nothing above that why wouldn't they get interest on the hundred well I'm sorry of course okay I mean you know and according to their claim that's about 36 it's 136 and with that I mean the calculation I'm sure mr. Holland's going to get into this I don't mean to go into your time much but I think he's going to tell us there's about 60,000 short even with 103 well mr. mr. how I didn't address any of that for me to respond to in his brief he simply ignored all of that and just applied the standing I mean that really is the standing under whatever term you want to use it yeah and he and so basically he gave no argument as to the Wormlinger the Wormlinger claims in this in his brief he's given absolutely no opinion on it he just like I said he's got it I'm looking at his brief now it's a page and a half and even the first page he doesn't even address the debtor correctly it was like it was just kind of a last-minute thing to just respond because on the first page he says as the appellate miss Wormlinger he doesn't even address it at Greenfield it just seems like it was just kind of a last second he's gonna get a quick brief in you're at the minute mark now so if you want to reserve your time this would be the time to stop but if you want to keep going and reserve less that's fine too it's totally up to you oh thank you your honor I'll save that time okay all right go ahead thank you mr. Hallin go ahead please thank you may it please the court again to follow up to miss Greenfield's comments to the court it is her burden as the appellant to for the due to the lack of her recent argument felt it wasn't appropriate or needed to fully respond to her appeal one that was largely driven to by my clients consideration of cost despite miss Greenfield's representations there is not a subrogated insurer that's paying for my clients legal fees in this case they are self paying for their legal fees and so they've been involved in litigation with mrs. Greenfield for 17 years now in which she has continuously tried to relitigate and collaterally attack the jury's decision as well as the Idaho Supreme Court's final decision every step of the way and so we find ourselves here again in the form of an appeal with miss Greenfield unsatisfied with yet another decision where she tried to collaterally attack the decision that was rendered years ago in the form of a order renewing a judgment and she has failed to demonstrate a legal basis for this I think you hit the nail on the head here is that the initial judgment that was issued following the jury trial in 2013 for $103,000 was timely renewed the issue here was whether that report or renewing the judgment was timely recorded there is no obligation under Idaho law to record a judgment that is a decision to be made by judgment creditors whether they want to try to perfect the judgment leaning against real property owned by the judgment debtor in this case my clients did that but there was a period in which they did not between there is a five-year period between the recording of the initial judgment and the order renewing the judgment all that affects is the priority of that judgment lien in this case and priority really isn't a issue in this case because the only other lien creditor is the secured lender Bank of America which had a deed of trust securing a promissory note with a balance of approximately $127,000 so the priority of my clients judgment really wasn't an issue and it didn't impact whether it was a secure creditor or not at the end of the day whether their judgment lien relates back to 2013 or 2018 doesn't matter they have a judgment lien their secured creditor in this case and miss Greenfield has never demonstrated at any step that my clients are not entitled to a to the amount that is was detailed in there my clients proof of claim miss Greenfield has now asserted that my clients are only entitled to at most $103,000 I would correct this court that miss Greenfield did file during her bankruptcy an amended schedule in which she a bird under penalty of perjury that my clients claim was $224,456 and 34 cents and in doing so she noted that claim was not contingent contested or on or liquidate unliquidated excuse me so now we have miss Greenfield trying to assert that my clients lien was substantially less than the amount sought in the proof of claim again back to miss Greenfield's arguments that somehow my clients because they fail to respond should be a fault again it's miss Greenfield's burden as the appellant in this case to demonstrate error irreversible error for mind you and it goes back to the old adage is sometimes when you respond to an argument you lend credence to that argument here we have in its litigious I would almost like in the screen filter vexatious litigant this is some of the most vexatious litigation I've ever been involved in and she will not let this dispute that she self-initiated back in 2005 she will not let this dispute go and she's did she's never been happy with the decision she's received whether that's from local law enforcement the homeowners Association the city of Coast Falls the Idaho District Court the jury the Idaho Supreme Court judge Phelan she's never been happy with any of the decisions she's received with regard to her dispute with my clients and here we find ourselves once again miss Greenfield's unsatisfied with an outcome that she used it didn't go her way and is attempting to to relitigate the past so for the sake of beating a dead horse I rest okay thank you all right miss Greenfield will reset the clock you've got a little under four minutes I think yeah little under four minutes so please go ahead so mr. how I'm just exaggerated none of this is on the record that he gave you in any of his response to you he exaggerated a great deal he made up a bunch of stories which sounds good to you guys but he cannot substantiate anything he just said this is not a 17 year old court battle there was after he illegally accused me of a felony for charging 10 for cutting trimming down 10 are provided that was eventually dismissed I filed a lawsuit to compensate me for attorney's fees against him it's hard to to be homeless now at 64 because of 10 bushes so of course I'm upset by it who wouldn't be who wants to be homeless at 64 and lose their home because of 10 bushes mr. Howlin did not have any facts that would have been substantiated like I said he just made up a bunch of stuff the during the whole court process until they hired Howlin because their insurance company paid the whole bill that other additional hundred and sixty eight thousand plus interest the Wyrmlingers only went to the court for renewal for a hundred and three thousand they did not go after the full amount for 261 which they had ample opportunity as mr. Howlin stated every time the renewals on the hundred three thousand they would immediately go down to the court to the records department and record that renewal judgment from the judge within the 30 day time period I do not have IRCP 10 in front of me right now to tell you whether or not it's in there I've met with attorneys I've been given advice and I was told that that has to be recorded in Idaho Kootenai County for it to become a secured loan on your property and if it's not properly done they lose that option and it becomes an unsecured loan and excuse me lien and which follows into the category that I said earlier would be unsecured along with Sheely and the other Greenfield so that all three were properly adjudicated by the trustee but as I said I've been ignored they're not following Idaho law the court did not follow Idaho law the trustee did not do my math according to what I've kind of heard through off and on without having a final or what's it called a final from the trustee given to the court yet my total should still shows over thirty some thousand that's left over and that's including pain the the whirling is their fee so I don't that and like I said if there's a dollar left that gives me standing that's a surplus even if it's a dollar and they had plenty of time to to mr. Helen had plenty of time to respond to this I've asked for several I've asked for several months to deal with this because I had to deal with moving out of my home and and being out on the streets and everything else it's been a nightmare and mr. Helen did not everything he said was not in his brief he made up a bunch of stuff because it sounds good he's trying to obviously make me look that like the bad guy and that's not the case and and it's not a big vicious litigant on one case that I've been constantly pursuing a claim he's misusing that term as well that's not fair so anyway I rest thank you okay thank you both for your arguments we appreciate it we'll take the matter under submission and provide a written decision in due course so thank you very much thank you thank you and that concludes the calendar so court is in recess
judges: FARIS, BRAND, SPRAKER